UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE SILVIA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>VERIZON COMMUNICATIONS, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-04677-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 7)** |

Plaintiffs Debbie Silvia and John W. Vieira allege that they were not paid prevailing wages or overtime for their work on the Silicon Valley Rapid Transit Project, which seeks to extend the BART system to San Jose.[1] When Plaintiffs complained, their employers allegedly retaliated by cutting their pay and thus forcing them to quit.[2] Defendant Engineering Associates, Inc.—one of four Defendants that Plaintiffs name in their complaint[3]—now moves to dismiss, arguing primarily that Plaintiffs' allegations are facially implausible because they accuse each Defendant of participating in every wrongful act.[4] The court agrees. The motion to dismiss is GRANTED, but with leave to amend.

---

[1] *See* Docket No. 1-1 at ¶¶ 12-13, 17-20, 35-47, 66-78, 110-115.

[2] *See id.* at ¶¶ 14-16, 21-22, 59-65,

[3] The others are Verizon Communications, Inc., Verizon California, Inc. and EA Technical Services Inc. *See id.* at ¶¶ 24-29.

[4] *See* Docket No. 7.

1

Case No. 15-cv-04677-PSG
ORDER GRANTING MOTION TO DISMISS

## I.

Vieira began working as a Lead Construction Inspector on the BART Silicon Valley project in August of 2012.[5] Silvia joined the project in January 2014.[6] Under California labor law, employees doing inspection work for publicly funded construction projects must be paid the prevailing wage rate.[7] Plaintiffs contend—and their employers at one point acknowledged—that their positions were subject to the prevailing wage requirement.[8]

Nevertheless, Plaintiffs allege, they were paid less than prevailing wages.[9] Moreover, Vieira claims that he never received overtime; instead, he got so-called "comp time" for overtime hours, even though Defendants knew the arrangement was illegal.[10] In mid-2015, Silvia filed a wage complaint with the Labor Commissioner of the State of California.[11] Defendants responded by drastically reducing her effective hourly wage rate from $38.75 to $26 and cutting her hours.[12] A few days later, Vieira raised his own complaint directly with his employers, and they cut his pay too.[13] Unwilling and unable to accept the lower salary, Plaintiffs resigned.[14] Defendants never fully reimbursed Plaintiffs for the unused time off and paid sick leave that they had accrued.[15]

---

[5] *See* Docket No. 1-1 at ¶ 17.

[6] *See id.* at ¶ 12.

[7] Cal. Lab. Code §§ 1720(a)(1), 1773.2, 1775; *see Lusardi Constr. Co. v. Aubry*, 1 Cal. 4th 976, 985-88 (1992).

[8] *See* Docket No. 1-1 at ¶¶ 6, 70; Docket No. 1-1, Ex. 1.

[9] *See* Docket No. 1-1 at ¶ 73.

[10] *Id.* at ¶¶ 18-19.

[11] *See id.* at ¶¶ 59, 64.

[12] *See id.* at ¶¶ 12, 14, 60.

[13] *See id.* at ¶¶ 21, 63.

[14] *See id.* at ¶¶ 15, 22.

[15] *See id.* at ¶¶ 16, 23.

Plaintiffs filed this action in state court in August 2015.[16] Two months later, EA removed it to this court.[17] Plaintiffs allege ten state law causes of action, including several labor law violations, breach of contract, unjust enrichment, recovery through a public works surety bond and sex discrimination against Silvia.[18] Each cause of action names every Defendant.[19] In fact, aside from the section introducing the parties, every allegation in the complaint refers to Defendants collectively.[20]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[21]

## III.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[22] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[23] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable

---

[16] *See id.*

[17] *See* Docket No. 1.

[18] *See* Docket No. 1-1 at ¶¶ 66-135.

[19] *See id.*

[20] *See id.*

[21] *See* Docket Nos. 10, 11, 12.

[22] Fed. R. Civ. P. 8(a)(2).

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

3
Case No. 15-cv-04677-PSG
ORDER GRANTING MOTION TO DISMISS

legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[25] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[26]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[27] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[28] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[29]

Plaintiffs' complaint does not satisfy these standards. The main defect is the one that EA notes: the uniform treatment of all Defendants. For example, the complaint says only that Plaintiffs were "employees of Defendants," "employed by Defendants" and "hired by Defendants."[30] But, because "the statutory scheme governing prevailing wages finds no private right of action by a subcontractor's employee against other parties than the subcontractor,"[31] exactly which Defendant employed Plaintiffs matters a great deal for determining liability. It is simply not plausible that Plaintiffs had employment relationships with all four Defendants. To the contrary, Plaintiffs attached one of Vieira's paystubs to their complaint, and it lists only EA Technical Services as his employer.[32]

---

[25] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[26] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[27] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[28] *See id.*

[29] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[30] Docket No. 1-1 at ¶¶ 1, 18, 58.

[31] *Violante v. Cmtys. Sw. Dev. & Constr. Co.*, 138 Cal. App. 4th 972, 975 (2006).

[32] *See* Docket No. 1-1, Ex. 2. Another document attached to the complaint shows that Vieira had

1   Similarly, Plaintiffs' fifth and sixth causes of action effectively allege that each Defendant owes Plaintiffs on a payment bond.  Cal. Civ. Code § 9554 requires public works contractors to have an admitted surety insurer execute a payment bond worth, at a minimum, the total amount payable on the contract.  Sections 9100 and 9564 then authorize workers to assert claims directly against the surety.  But Plaintiffs raise this claim against all Defendants.  It is not plausible that each named Defendant is a surety or bonding company liable on the payment bond.

### IV.

EA's motion to dismiss under Rule 12(b)(6) is GRANTED.[33]  Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[34]  Because Plaintiffs have not yet had any opportunity to amend their complaint, the court cannot say that further amendment would be futile.  Leave to amend therefore is GRANTED.  Plaintiffs shall file any amended complaint within 21 days.

**SO ORDERED.**

Dated: March 18, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

an "@eatechnical.com" email address.  *Id.*, Ex. 1.

[33] EA also moves to dismiss under Rule 8(a).  That motion is DENIED AS MOOT.

[34] *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).