UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE SILVIA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EA TECHINICAL SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-04677-JSC<br><br>**ORDER GRANING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 111 |

This case concerns alleged unpaid wages and discrimination that Plaintiffs Debbie Silva and John Vieira ("Plaintiffs") experienced while in the employ of Defendants MCI Communications Services, Inc. ("MCI"), Verizon Business Network Services Inc. ("Verizon"), Engineering Associates LLC f/k/a Engineering Associates Inc. ("EA"), and EA Technical Services ("EA Technical") (collectively, "Defendants").

In their initial complaint, First Amended Complaint ("FAC"), and Second Amended Complaint ("SAC") Plaintiffs pled nine causes of action, including two Fair Housing and Employment Act ("FEHA") claims brought by Plaintiff Silva – gender discrimination in violation of California Government Code Section 12940(a) and failure to take all reasonable steps to prevent sexual harassment in violation of California Government Code Section 12940(k). (Dkt. Nos. 1-1, 37, 103.)

Currently pending before the Court is Defendants MCI and Verizon's (the "Verizon Defendants") motion to dismiss Plaintiff Silva's FEHA claims in causes of action eight and nine of the SAC. Having carefully reviewed the briefs and having had the benefit of oral argument on June 1, 2017, the Court finds that Plaintiff Silva failed to file a timely FEHA complaint with the Department of Fair Employment and Housing ("DFEH") and GRANTS Verizon Defendants'

motion to dismiss with prejudice.

**BACKGROUND**

On August 21, 2015, Plaintiffs filed their original complaint in state court for breach of various sections of the California labor code, breach of contract, failure to pay prevailing wages, recovery under public works payment bond, and unjust enrichment. (Dkt. No. 1-1.) Plaintiff Silva brought two additional FEHA claims – discrimination, and failure to take reasonable steps to prevent sexual harassment. (*Id*. at 27, 28.) Defendants removed the action to this Court based on diversity and the parties subsequently stipulated to mediation and Robert T. Fries was selected as a mediator. (Dkt. Nos. 28, 31.)

On March 18, 2016, the Court granted Defendant EA's motion to dismiss with leave to amend. (Dkt. No. 36.) Plaintiffs filed the FAC on April 8, 2016 with most of the original causes of action, including Plaintiff Silva's two FEHA claims. (Dkt. No. 37.) On October 14, 2016, the parties attended an all-day mediation with Mr. Fries, however the matter was not resolved. (Dkt. No. 77.) Three weeks later, on November 4, 2016, Plaintiff Silva filed, for the first time, a discrimination complaint with DFEH complaining of inappropriate conduct that occurred on approximately October 14, 2016. (Dkt. No. 113-1 at 8.) However, the original complaint and the FAC alleged that Defendants' adverse actions occurred on approximately June 28, 2015 and that Plaintiff Silva was forced to resign shortly thereafter. (Dkt. No. 1-1 at ¶¶ 14, 15; Dkt. No. 37 at ¶¶ 22, 23.)

By stipulation of the parties, the Court granted Plaintiffs leave to file a second amended complaint to name MCI and Verizon as new defendants, and dismissed Frontier California Inc. f/k/a Verizon California, Inc. from the action. (Dkt. No. 102 at 2.) Plaintiffs' SAC alleges nine causes of action, including the same FEHA claims Plaintiff Silva brought in the original complaint and the FAC. (Dkt. No. 103.) Plaintiff Silva also alleges, again in the SAC, that Defendants' adverse actions occurred on approximately June 28, 2015 and that she was forced to resign shortly thereafter. (*Id*. ¶¶ 22, 23.)

The new defendants MCI and Verizon now move to dismiss Plaintiff Silva's eighth and ninth claims for relief on the grounds Plaintiff Silva failed to file a timely complaint with DFEH.

2

1 (Dkt. No. 111.)

## DISCUSSION

### I.  Judicial Notice

When considering a motion to dismiss, a court does not normally look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749. F.Supp.2d 1022, 1024 (N.D. Cal. 2010). However, a court may take judicial notice of material that is submitted as part of the complaint or is necessarily relied upon by the complaint, as well as matters of public record. *Lee v. City of L.A.,* 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts routinely take judicial notice of proceedings in other courts and records of state agencies, including DFEH complaints. *See Minor v. FedEx Office & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015) (taking judicial notice of DFEH complaint).

Verizon Defendants request judicial notice of the Plaintiff Silva's employment discrimination complaint filed with DFEH and the accompanying right to sue notice. These documents are records of a state agency, and therefore the appropriate subjects of judicial notice. *See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.,* 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies.") (internal quotation marks and citation omitted).

### II.  Plaintiff Failed to File a Timely FEHA Complaint With DFEH

"In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001.). Exhaustion in this context requires filing a written charge with DFEH within one year of the alleged unlawful employment discrimination, and obtaining notice from DFEH of the right to sue. *Id.* at 897. The scope of the written administrative charge defines the permissible scope of the subsequent civil action. *Id*. Allegations in the civil complaint that fall outside of the scope of

3

the administrative charge are barred for failure to exhaust. *Id.* These procedural requirements, as with all provisions of FEHA, are to "be construed liberally for the accomplishment of the purposes [of FEHA]." Cal. Gov. Code § 12993(a). Those purposes include the elimination of employment discrimination. *Rodriguez*, 265 F.3d at 897.

Plaintiff Silvia states in her original complaint, the FAC, and the SAC that she experienced gender discrimination during the course of her employment and that Defendants failed to prevent this discrimination and took the adverse employment action of reducing her salary on approximately June 28, 2015, forcing her to resign shortly thereafter. (*See* Dkt. Nos. 1-1, 37, 103.) Plaintiff Silva, however, did not file a FEHA complaint with DFEH until November 4, 2016. (Dkt. No. 113-1.) And within her FEHA complaint to DFEH, Plaintiff Silva states that the alleged discrimination occurred on approximately October 14, 2016. (*Id.* at 8.) However, Plaintiff Silva was not employed by Defendants on October 14, 2016. Therefore, the discrimination Plaintiffs alleged in the SAC falls outside the scope of the administrative charge and is barred for failure to exhaust. *See Rodriguez*, 265 F.3d at 897. Further, even if the Court construes the charge as identifying the date of discrimination as June 2015, the DFEH complaint is untimely as it was filed more than a year after the alleged discrimination. Indeed, Plaintiff Silva does not dispute that her DFEH complaint is untimely; instead, her opposition contends that the one-year deadline should be equitably tolled.

### III. Equitable Tolling Does not Apply

Equitable tolling allows a plaintiff who has a choice of legal remedies to pursue one remedy without simultaneously pursuing another remedy. *McDonald v. Antelope Valley Community College District*, 45 Cal.4th 88, 99–100 (2008); *California Restaurant Management Systems v. City of San Diego*, 195 Cal.App.4th 1581, 1593–1594 (2011). The doctrine relieves the plaintiff claiming employment discrimination from the hardship of pursuing duplicate and possibly unnecessary procedures to enforce the same rights or obtain the same relief. *Downs v. Department of Water & Power*, 58 Cal.App.4th 1093, 1100 (1997). The equitable tolling doctrine generally requires a showing that the plaintiff is seeking an alternate remedy in an established procedural context. *McDonald,* 45 Cal.4th at 102–104. Informal discussions and negotiations in

4

the employment context do not equitably toll the Government Code Section 12960(d) FEHA statute of limitations to file an administrative complaint with the Department of Fair Housing and Employment. *Acuna v. San Diego Gas & Electric Co.*, 217 Cal.App.4th 1402, 1416 (2013).

Plaintiff Silvia does not allege any facts showing she was pursuing an alternate remedy that excused her from timely filing her administrative claim. The equitable tolling doctrine is inapplicable because the allegations do not support that Plaintiff's discrimination claims were being considered or resolved in a separate procedural context. *See Acuna*, 217 Cal.App. 4th at 1417. While the parties did attend an all-day mediation with Mr. Fries on October 14, 2016, this mediation alone does not justify equitable tolling. Plaintiff Silva submits the parties were engaged in a mediation process "with the intention of *informally* resolving the issues," and that there were two mediation periods that totaled a period of 220 days; she contends that the FEHA administrative statute of limitations should be tolled for this period of time. Plaintiff herself identifies this process as "informal" - such informal discussions and negotiations do not equitably toll the FEHA statute of limitations to file an administrative complaint with DFEH. *See Acuna*, 217 Cal.App.4th at 1416.

## CONCLUSION

As Plaintiff Silva failed to timely file a FEHA complaint with DFEH, and Plaintiff has not and cannot allege any facts to support equitable tolling, the Court GRANTS MCI and Verizon's motion to dismiss the two FEHA claims without leave to amend.

This Order disposes of Docket. No. 111.

**IT IS SO ORDERED.**

Dated: June 1, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5