UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE SILVIA,<br><br>Plaintiff,<br><br>v.<br><br>EA TECHNICAL SERVICES, INC., et al.,<br><br>Defendants. | Case No. 15-cv-04677-JSC<br><br>**ORDER RE: DEFENDANT ENGINEERING ASSOCIATES, LLC'S MOTION FOR CONTEMPT ORDER**<br><br>Re: Dkt. No. 213 |

On June 22, 2018, this Court granted the motion of Defendant Engineering Associates, LLC ("EA") for a permanent injunction to enjoin an action Plaintiff Debbie Silvia filed in the state court. (Dkt. No. 207.)[1] The Court concluded that Plaintiff's claims in the state court action were barred by claim preclusion, triggering the relitigation exception to the Anti-Injunction Act, 28 U.S.C. 2283. (*Id.* at 7-9.) Now before the Court is EA's motion for a contempt order based on Plaintiff's failure to comply with the Court's injunction. (Dkt. No. 213.) After careful consideration of the parties' briefing, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 2, 2019 hearing, and DENIES EA's motion. EA has failed to carry its burden of demonstrating a violation of the Court's Order by clear and convincing evidence.

**BACKGROUND**

The relevant background is set forth in the Court's June 2018 Order, (*see* Dkt. No. 207 at 1-2), and the Court includes portions of that background here—with minor edits for clarity—for reference. On August 21, 2015, Plaintiff initiated a lawsuit in state court that EA removed to this Court on grounds of diversity jurisdiction. (Dkt. Nos. 1 & 1-1.) After the Court's rulings on

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

motions to dismiss and the parties' stipulations, four claims remained in Plaintiff's Second Amended Complaint: breach of California Labor Code sections 1194, 1194.2, 1771, and 1774 (claim one); breach of contract – third party beneficiary (claim two); failure to pay prevailing wages as unfair business practices under California Business & Professions Code Section 17200 *et seq.* (claim six); and unjust enrichment (claim seven).

Defendants moved for summary judgment on all claims arguing that Plaintiff's prevailing wage theory failed because the evidence was insufficient to support a finding that she performed work within the scope of the "Lead Building/Construction Inspector" classification, and thus, that she performed "inspection" work within the meaning of California Labor Code Section 1720(a)(1). (Dkt. Nos. 173 & 175.) In opposition to summary judgment, Plaintiff raised a prevailing wage theory that was not found in her complaint, initial disclosures, or interrogatory responses; specifically, that she performed "Utility Locating" work within the scope of the "Field Surveyor or Laborer Group 3A" classification under title 8, section 16001(c) of the California Code of Regulations. (*See* Dkt. No. 194 at 6.) The Court held that Plaintiff was barred by Rules 26 and 37 of the Federal Rules of Civil Procedure from changing her prevailing wage theory to oppose summary judgment. (Dkt. No. 194 at 8-11.) As the evidence was insufficient to support the prevailing wage theory upon which Plaintiff had prosecuted the action, judgment was entered in Defendants' favor. (Dkt. Nos. 194 & 195.) On April 10, 2018, Plaintiff appealed that decision to the Ninth Circuit Court of Appeals. (Dkt. No. 197.)

On April 19, 2018, Plaintiff filed a new complaint in Santa Clara Superior Court, bringing wage and hour claims against the same defendants involved in the federal action on appeal. (Dkt. No. 201, Ex. A at 4.) Plaintiff's complaint alleges that she performed the work of a Utility Locator, advancing the fatally tardy theory of her federal case. Plaintiff makes four claims in her state action: failure to provide/and or authorize meal and rest periods/unpaid wages in violation of California Labor Code sections 226.7 and IWC wage orders (first cause of action); a claim pursuant to Labor Code 203 for willfully failing to pay final wages (second cause of action); a claim pursuant to Labor Code sections 226 and 1174 for failure to provide itemized wage statements (third cause of action); and an unfair business practices claim under California

Business & Professions Code Section 17200 *et seq.* arising from the above Labor Code violations (claim four).

EA moved to permanently enjoin the state action on May 7, 2018, (Dkt. No. 200), and the Court granted that motion on June 22, 2018, (Dkt. No. 207 ("PI Order")). The Court concluded that Plaintiff's state law claims were barred by claim preclusion under California "primary rights doctrine" and that the relitigation exception to the Anti-Injunction Act thus applied under binding Ninth Circuit caselaw. (*See* Dkt. No. 207 at 7-9 (citing *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 870-71 (9th Cir. 1992) and finding that the case was not clearly irreconcilable with the Supreme Court's ruling in *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)).) The Court noted that while it "has the power to enjoin the state court action as to [Plaintiff's] claims against EA," the Court retained discretion to issue such an order. The Court determined that the injunction was justified, stating, in pertinent part:

> [U]pon consideration of the procedural history of this case, and [Plaintiff's] litigation conduct, the Court concludes that there is no doubt that it should enjoin the state court from proceeding with Ms. Silvia's claims against EA.

(*Id.* at 8.) Thus, the Court "issue[d] the requested injunction," noting that requiring EA to litigate the same causes of action in two different jurisdictions at the same time is prejudicial to EA and a waste of judicial resources. (*Id.* at 9.)

On August 19, 2019, EA filed the instant motion for a contempt order for Plaintiff's failure to comply with the Court-ordered injunction; specifically, EA argues that Plaintiff continues to prosecute her state court action. (Dkt. No. 213.) The motion is fully briefed, (s*ee* Dkt. Nos. 215 & 216), and the Court heard oral argument on October 2, 2019.

**LEGAL STANDARD**

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990); *see also Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (noting that a court "has wide latitude in determining whether there has been a contemptuous defense of its order"). As the Ninth Circuit has explained:

> Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order. But a person should not be held in contempt if [her] action appears to be based on a good faith and reasonable interpretation of the [court's order]. Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply.

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks and citations omitted).

On motion for a civil contempt order, "the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Fed. Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted). If the moving party satisfies its burden, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* (citation omitted). In sum, a motion for civil contempt should be denied unless the moving party can prove by clear and convincing evidence: "(1) that [the contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order." *See In re Dual-Deck*, 10 F.3d at 695.

## DISCUSSION

EA moves for a civil contempt order on the grounds that Plaintiff "continu[es] to maintain and appear in the enjoined state court action" in violation of the PI Order. (Dkt. No. 213 at 3.) Plaintiff counters that EA fails to carry its burden at the first step of showing by clear and convincing evidence that Plaintiff violated the PI Order. The Court agrees.

In support of its motion EA submits minute orders from the state court action. (See Dkt. Nos. 213-1, Exs. B-D.) A July 31, 2018 minute order indicates that Plaintiff failed to appear at a case management conference on that date. (Dkt. No. 213-1, Ex. B at 11.) The court set a further hearing for January 3, 2019 "for Order to show Cause re: Failure to appear/serve." (*Id.*) The minute order notes that "Plaintiff's failure to appear may result in the dismissal of the case." (*Id.*)

The minute order for the January 3, 2019 hearing indicates that Plaintiff's counsel appeared, and the court vacated the order to show cause. (Dkt. No. 213-1, Ex. C at 13.) The court

4

set a "case status review re: stay" for June 20, 2019. (*Id.*) Plaintiff's counsel, Philip Gregory, attests that during the January 3 hearing, he informed the state court "that this Court had enjoined the state court action." (Dkt. No. 215-1 at ¶ 9.)[2] Mr. Gregory further attests that he "offered to provide a copy of this Court's PI Order to [the state court]" but the judge stated that he did not need a copy of the PI Order and continued the hearing to June 20, 2019." (*Id.*)

The minute order for the June 20, 2019 hearing indicates that Mr. Gregory appeared, (see Dkt. No. 213-1, Ex. D at 15), although Mr. Gregory attests that "an attorney with whom [he] works, Camilo Artiga-Purcell, appeared [instead]," (Dkt. No. 215-1 at ¶ 10). According to Mr. Gregory, Mr. Artiga-Purcell informed the state court "that this Court had enjoined the state court action." (*Id.*) The state court continued the hearing to January 30, 2020. (Dkt. No. 213-1, Ex. D at 15.)

The threshold issue is whether Plaintiff's two undisputed appearances in state court subsequent to the PI Order constitute clear and convincing evidence of a violation of the PI Order "beyond substantial compliance." *See In re Dual-Deck*, 10 F.3d at 695. Plaintiff argues that she "did exactly what should have been done" to comply with the PI Order: "inform the state court of the PI Order and take no other steps to prosecute the state court action." (Dkt. No. 215 at 7.) EA's reply counters that Mr. Gregory's assertions that he "informed" the state court of the Court's June 2018 Order are vague and do not demonstrate that Plaintiff has made "'every reasonable effort to comply'" with the PI Order. (Dkt. No. 216 at 4-5 (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir. 1982).) EA also argues that Plaintiff "has unequivocally violated the Court's Order by failing to dismiss and instead actively maintaining and appearing in an action this Court has permanently enjoined." (Dkt. No. 213 at 9.) EA's arguments fail, however, because it has not satisfied its initial burden of demonstrating by clear and convincing evidence a violation of the PI Order beyond substantial compliance.

First, the minute orders do not constitute clear and convincing evidence of substantial noncompliance because they do not indicate that Plaintiff is *actively* prosecuting the state court

---

[2] The paragraphs of Mr. Gregory's declaration are mis-numbered and as a result there are two paragraphs numbered "9." The Court's citation is to the second paragraph 9.

5

action against EA in violation of the PI Order. This is especially true given that EA acknowledges that "Plaintiff has not served [the state court action] on [EA] and as a result [EA] has not been a part of any proceeding in the Santa Clara County Superior Court related to the [state court action] and has not appeared at any Case Management Conference." (*See* Dkt. No. 213 at 8 n.1.) Further, Mr. Gregory attests that he and his co-counsel informed the state court at the appearances in question that this Court issued the PI Order.

Second, the PI Order did not direct Plaintiff to dismiss the state court action and EA cites no language in the Order stating otherwise. Instead, the Court was primarily concerned with the prejudice to EA in having to litigate the same case in two different jurisdictions at the same time. That prejudice does not currently exist. Thus, Plaintiff's failure to dismiss the action does not constitute clear and convincing evidence of substantial noncompliance with the PI Order.

The Court lastly addresses Plaintiff's request for attorneys' fees and costs in connection with its opposition to the instant motion. Plaintiff asserts that EA filed the instant motion in bad faith, and thus, Plaintiff is entitled to attorneys' fees and costs in opposing the motion. (Dkt. No. 215 at 11 (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).) The Court disagrees. The filings do not indicate that EA acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Leon*, 464 F.3d at 961.

## CONCLUSION

For the reasons stated above, the Court DENIES EA's motion.

This Order disposes of Docket No. 213.

**IT IS SO ORDERED.**

Dated: September 30, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge