UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE SILVIA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>EA TECHNICAL SERVICES, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-04677-JSC<br><br>**ORDER RE: MOTION TO MODIFY PERMANENT INJUNCTION**<br><br>Re: Dkt. No. 220 |

On June 22, 2018, this Court granted the motion of Defendant Engineering Associates, LLC ("EA") for a permanent injunction to enjoin an action Plaintiff Debbie Silvia filed in California state court against EA. (Dkt. No. 207.) Now before the Court is Ms. Silvia's motion to modify the injunction to permit Ms. Silvia to dismiss EA from the state action with prejudice and to amend that action to add overtime claims against MCI Communications Services, Inc. ("MCI") and Verizon Business Network Services, Inc. ("Verizon Business"). (Dkt. No. 220.) After careful consideration of the parties' briefing, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the July 30, 2020 hearing. The injunction does not bar Ms. Silvia's dismissal with prejudice of EA from the state action. And, while adding MCI and Verizon Business to the state action may prove futile, and even frivolous, the injunction does not bar that conduct either.

**DISCUSSION**

After this Court granted Defendants' motion for summary judgment, and Ms. Silvia filed her appeal with the Ninth Circuit, Ms. Silvia filed a new lawsuit in state court against EA, Verizon Communications, Inc. and Verizon California, Inc. This new state action alleged the same claims upon which the Court had granted summary judgment in EA's favor. (Dkt. No. 201.) EA

subsequently moved this Court for a permanent injunction enjoining Ms. Silvia "from pursuing duplicative claims against EA in the California state court action[.]" (Dkt. No. 200 at 6.) The motion noted that although the state action named Verizon California, Inc. and Verizon Communications, Inc. in the caption, there were no allegations as to these entities. (*Id* at 6.) EA also argued that EA would suffer irreparable harm if an injunction was not issued. (*Id*. at 18.)

The Court granted EA's motion. (Dkt. No. 207 ("PI Order").) The Court concluded that Ms. Silvia's state law claims asserted against EA were barred by claim preclusion under California's "primary rights doctrine" and that the relitigation exception to the Anti-Injunction Act thus applied under binding Ninth Circuit caselaw. The Court further determined, in its discretion, that an injunction was warranted, reasoning:

> While the state court is well qualified to apply California claim preclusion rules, as there is no doubt that claim preclusion bars the state claims against EA, and requiring EA to litigate the same causes of action (even if only briefly) in two different jurisdictions at the same time is prejudicial to EA and a waste of judicial resources, the Court exercises its discretion to issue the requested injunction.

(*Id*. at 9.)

Ms. Silvia now asks the Court to modify the injunction to allow her to dismiss her claims against EA with prejudice and to move to amend her complaint to add overtime claims against MCI Communications Services, Inc. and Verizon Business Network Services, Inc.. EA, MCI, and Verizon all oppose the motion. Ms. Silvia does not require the relief sought because the permanent injunction does not prohibit either action she seeks to take.

First, the permanent injunction does not bar Ms. Silvia from dismissing her claims with prejudice against EA. The injunction barred Ms. Silvia from prosecuting her claims against EA. (Dkt. Nos. 200, 207.) Dismissing with prejudice is the opposite of prosecuting. Indeed, in later moving to find Ms. Silvia in contempt, EA argued, in effect, that the permanent injunction required Ms. Silvia to dismiss her state action against EA. (Dkt. No. 213 at 4 ("Plaintiff has failed to comply with [the PI] Order. Plaintiff has failed to dismiss the New Action and has instead allowed the New Action to continue[.]").)

Second, the permanent injunction also does not bar Ms. Silvia from moving to amend her

complaint to add MCI and Verizon as defendants. The Court's injunction was limited to EA. Neither MCI nor Verizon moved for a permanent injunction and EA did not ask for an injunction on their behalf. This omission is unsurprising given that Ms. Silvia's state action did not assert any claims against MCI or Verizon at the time.

Third, to the extent MCI and Verizon ask the Court to modify the injunction to prohibit Ms. Silvia from amending her state court complaint to assert claims against them, the Court declines to do so. An important factor in the Court's decision to issue the injunction was that Ms. Silvia was currently appealing the very same claims against EA that she was asserting in the state action and that requiring EA to litigate the same issue in two jurisdictions at the same time was prejudicial. No such prejudice exists here as the Ninth Circuit appeal has been finally resolved.

The Anti-Injunction Act "broadly commands" that state courts "shall remain free from interference by federal courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (citing *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 282 (1970)) (internal quotation marks omitted). The Act has only "three specifically designed exceptions." *Id.* (internal quotation marks and citation omitted). Those exceptions "are narrow and are not [to] be enlarged by loose statutory construction." *Id.* (internal quotation marks and citation omitted). "[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id*. (internal quotation marks and citation omitted). Indeed, "[t]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) (emphasis in original). The Court is not persuaded that a new injunction should issue in these circumstances.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to modify the permanent injunction is denied as unnecessary.

This Order disposes of Docket No. 220.

//

//

//

3

1     **IT IS SO ORDERED.**

2     Dated: July 27, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4